UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-22142-CIV-BLOOM/OTAZO-REYES

MICHELLE CONDOMINIUM, INC.,

    Plaintiff,

v.

CERTAIN UNDERWRITERS AT
LLOYD'S, LONDON,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Plaintiff Michelle Condominium Inc.'s ("Plaintiff" or "Insured") Renewed Motion to Compel Appraisal (hereafter, "Motion to Compel") [D.E. 4]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Beth Bloom, United States District Judge [D.E. 14]. The undersigned held a hearing on this matter on August 11, 2021 [D.E. 19]. For the reasons stated below, the undersigned respectfully recommends that the Motion to Compel be GRANTED.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff brings a claim for breach of contract against Defendant Certain Underwriters at Lloyd's, London ("Defendant" or "Insurer"), its property insurer, seeking to recover damages allegedly sustained from Hurricane Irma (hereafter, "Loss") at its property located at 3582 Northeast 171st Street, North Miami Beach, FL 33160 (hereafter, "Property"). See Compl. [D.E. 1-1 at 4–7]. Plaintiff asserts its claim pursuant to its policy of insurance (hereafter, "Policy") with Defendant. The Policy contains the following mandatory appraisal provision:

> **2. Appraisal**
>
> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
>
> a. Pay its chosen appraiser; and
> b. Bear the other expenses of the appraisal and umpire equally.
>
> If there is an appraisal, we will still retain our right to deny the claim.

See Policy [D.E. 4-1 at 30].

Plaintiff reported the Loss to Defendant on September 18, 2017, who assigned it claim number B1180D160004AP (hereafter, "Claim"). See Ex. B. to Mot. to Compel [D.E. 4-2 at 2]. On August 2, 2018, after an inspection of the Property, Defendant: afforded partial coverage for the Claim; determined that the covered damages did not exceed the Policy's $77,000 deductible; and denied the remainder of the Claim as caused by non-covered causes of loss. Id. at 3.

On September 24, 2018, Plaintiff requested a Supplemental Payment from Defendant in the amount of $544,553.83 under Coverage A of the Policy and provided Defendant with documentation in support of the request. See Ex. C. to Mot. to Compel [D.E. 4-3].

On June 9, 2020, after two additional inspections of the Property, Defendant: increased its valuation of the Claim's covered losses to $81,391.95; computed the payment due after deductions for depreciation and the policy deductible at $1,991.08; and denied the remainder of the Claim as caused by non-covered causes of loss. See Ex. D. to Mot. to Compel [D.E. 4-4].

On August 4, 2020, Plaintiff, through its public adjuster, sent Defendant correspondence stating:

> The Insured listed above is in receipt of the Insurer's position on the [Claim], but does not accept the amount estimated as full and final settlement. The Insurer's estimate is deficient in scope and pricing and does not accurately reflect the damages sustained from the [Loss].
>
> Pursuant to the policy terms and conditions, please accept this letter as our request, on behalf of the Insured, to dispute the amount of the [L]oss. In accordance therewith, the Insured hereby elects to invoke a **demand for appraisal of the entire [L]oss for all coverages under the policy**.

See Ex. E. to Mot. to Compel [D.E. 4-5].

On December 10, 2020, Defendant's counsel sent Plaintiff's public adjuster an email stating:

> It appears you do misunderstand our discussion in that we do not believe there is a dispute at this time. It also appears you misunderstand what is needed for a dispute to arise under the Policy for appraisal.
>
> I am asking you if the [Insured's] position is the entire roof was damaged during the storm and/or if the entire building exterior was damaged during the storm. That should be a simple question to answer. If you cannot do so, then we may need to ask the [Insured] during an EUO and for the [Insured] to itemize the damages it believes [were] caused during the storm. At this point, it does not appear the [Insured] has ever done so, which is required under the Policy as you should know. Until such time there is an actual dispute, appraisal is not appropriate.

See Mot. to Compel [D.E. 4 at 5].

On April 15, 2021, Plaintiff commenced this action in Florida state court and moved to compel appraisal. See Compl. [D.E. 1-1 at 4–6]; First Mot. to Compel [D.E. 1-1 at 83–89]. Defendant removed the case on June 9, 2021 pursuant to 28 U.S.C. §§ 1332(a) and 1441(a). See Not. of Removal [D.E. 1].

Plaintiff filed the Motion to Compel on June 24, 2021 requesting that the Court: send the parties to appraisal; impose reasonable deadlines upon the parties to complete the appraisal

process; stay this action pending completion of appraisal; and reserve jurisdiction to confirm the appraisal award and award attorney's fees and pre and post-judgment interest. See Mot. to Compel [D.E. 4 at 12].

## **DISCUSSION**

Florida substantive law governs this diversity action. Eres v. Progressive Am. Ins. Co., 998 F.3d 1273, 1278 n.4 (11th Cir. 2021). In Florida, "[m]otions to compel appraisal should be granted whenever the parties have agreed to the provision." Pantoja v. Am. Sec. Ins. Co., No. 20-CV-21069, 2020 WL 2732346, at *1 (S.D. Fla. 2020) (citing Calderon v. Scottsdale Ins. Co., No. 19-CV-21012, 2019 WL 4954790 at *1 (S.D. Fla. 2019)). "Enforcing appraisal provisions are 'preferred over lawsuits as they provide a mechanism for prompt resolution of claims and discourage the filing of needless lawsuits.'" Calderon, 2019 WL 4954790 at *1 (quoting Wright Way Emergency Water Removal, LLC v. Mt. Hawley Ins. Co., No. 16-CV-1163, 2016 WL 9526569, at *2 (M.D. Fla. 2016)).

"The law in Florida is clear that issues of coverage and liability under an insurance policy are for the court or jury, respectively, whereas a dispute regarding the amount of loss to be covered under the policy is subject to appraisal if so provided in the insurance policy." Hamaoui v. Am. Sec. Ins. Co., No. 19-CV-25102, 2019 WL 9514502, at *1 (S.D. Fla. 2019) (quoting State Farm Fla. Ins. Co. v. Hernandez, 172 So. 3d 473, 476 (Fla. 3d DCA 2015)).

> The division of responsibility between the appraisers and court is therefore clear. *The appraisers determine the amount of the loss, which includes calculating the cost of repair or replacement of property damaged, and ascertaining how much of the damage was caused by a covered peril* and the court decides whether the policy provides coverage for the peril which inflicted the damage, and for the particular property at issue; in other words, all coverage matters.

People's Tr. Ins. Co. v. Garcia, 263 So. 3d 231, 234 (Fla. 3d DCA 2019) (Lagoa, J.) (emphasis added) (alterations omitted) (quoting Citizens Prop. Ins. Corp. v. River Manor Condo. Ass'n, Inc.,

4

125 So.3d 846, 854 (Fla. 4th DCA 2013)). "If an insurer admits that there is a covered loss, the amount of which is disputed, the amount of loss question is for an appraisal panel. If an insurer denies that there is a covered loss, the issue of coverage is one for the trial court." 767 Bldg., LLC v. Allstate Ins. Co., No. 10-CV-60007, 2010 WL 1796564, at *2 (S.D. Fla. 2010) (quoting Sunshine State Ins. Co. v. Rawlins, 34 So. 3d 753, 2010 WL 1576791, at *1 (Fla. 3d DCA 2010)). Moreover, "where the insurer has not 'wholly denied' coverage, but the parties dispute whether the claimed damage resulted from a covered or uncovered cause, appraisal is appropriate to determine causation." Merrick Pres. Condo. Ass'n, Inc. v. Cypress Prop. & Cas. Ins. Co., 315 So. 3d 45, 50 (Fla. 4th DCA 2021); see also Johnson v. Nationwide Mut. Ins. Co., 828 So. 2d 1021, 1022 (Fla. 2002) ("[C]ausation is a coverage question for the court when an insurer wholly denies that there is a covered loss and an amount-of-loss question for the appraisal panel when an insurer admits that there is covered loss, the amount of which is disputed."). Prior to invoking a policy's appraisal provision, "the parties must 'engage in some meaningful exchange of information sufficient for each party to arrive at a conclusion' of whether a disagreement exists." Hamaoui, 2019 WL 9514502, at *1 (quoting U.S. Fid. & Guar. Co. v. Romay, 744 So. 2d 467, 470 (Fla. 3d DCA 1999)).

Defendant argues that appraisal is premature at this stage because Plaintiff has "failed to meet its burden of showing that there is an actual dispute to appraise." See Resp. to Mot. to Compel [D.E. 12 at 11]. However, the procedural facts and the applicable law do not support this argument. Prior to Plaintiff's invocation of the Policy's mandatory appraisal provision, the parties inspected the Property, exchanged documentation supporting their respective positions, and were unable to reach a resolution on the Claim after Plaintiff contended that "the Insurer's estimate [was] deficient in scope and pricing and [did] not accurately reflect the damages sustained from the [Loss]." See

5

See Ex. E. to Mot. to Compel [D.E. 4-5].  Defendant's December 10, 2020 email, seeking details of the Insured's position regarding causation of damages does not render appraisal premature, given Defendant's admission of a covered loss, and the parties' extended exchange of information after several inspections.  767 Bldg., LLC, 2010 WL 1796564, at *2; Hamaoui, 2019 WL 9514502, at *1.  The questions of amount of loss and how much of the damage was caused by a covered peril are for an appraiser to determine, not this Court.  767 Bldg., LLC, 2010 WL 1796564, at *2; Pantoja, 2020 WL 2732346, at *2; Garcia, 263 So. 3d at 234; Merrick Pres. Condo. Ass'n, Inc., 315 So. 3d at 50; Johnson, 828 So. 2d at 1022.  Further, a stay of this action pending appraisal will promote judicial economy and efficiency.  Hodek v. Lexington Ins., Co., No. 20-CV-10038, 2021 WL 1215803, at *1 (S.D. Fla. 2021) (citations omitted).

## **RECOMMENDATION**

Based on the foregoing considerations, the undersigned RESPECTFULLY RECOMMENDS that the Motion to Compel [D.E. 4] be GRANTED as follows:

1. The parties be directed to proceed to appraisal in accordance with the Policy's mandatory appraisal provision and to file a status report every sixty days regarding the progress of the appraisal process.

2. This action be stayed pending completion of the appraisal process.

3. The Court reserve jurisdiction to confirm the appraisal award and to determine the issues of attorney's fees and pre and post-judgment interest.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Beth Bloom.  Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein.  See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).  Further, "failure to object in accordance with the provisions of [28 U.S.C.]

§ 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida this 13th day of August, 2021.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:   United States District Judge Beth Bloom
      Counsel of Record