UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 21-cv-22142-BLOOM/Otazo-Reyes**

MICHELLE CONDOMINIUM, INC.,

    Plaintiff,

v.

CERTAIN UNDERWRITERS AT
LLOYD'S, LONDON,

    Defendant.
_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

**THIS CAUSE** is before the Court upon Plaintiff's Renewed Motion to Compel Appraisal, ECF No. [4] ("Motion"). Defendant submitted a Response in Opposition, ECF No. [12], to which Plaintiff filed a Reply, ECF No. [16]. The Motion was referred to United States Magistrate Judge Alicia M. Otazo-Reyes for a Report and Recommendation. *See* ECF No. [14]. On August 13, 2021, Judge Otazo-Reyes issued a Report and Recommendation recommending that Defendants' Motion be granted and that this case be dismissed for lack of subject-matter jurisdiction. ECF No. [20] ("Report").

On August 27, 2021, Defendant timely filed Objections to Judge Otazo-Reyes's Report, ECF No. [21] ("Objections"). In its Objections, Defendant argues that Plaintiff is not entitled to appraisal because it seeks to appraise only non-covered damages in the form of replacement cots and, as such, Plaintiff has failed to demonstrate its entitlement. Defendant contends further that there has been no meaningful exchange of information between the parties and the case is not ripe for appraisal. Plaintiff responds, *see* ECF No. [22], and argues that the objections are factually

inaccurate as the record establishes a dispute as to the scope and value of covered damages. Moreover, as the Defendant has not wholly denied coverage, appraisal is appropriate even where the dispute centers on damage resulting from a covered or uncovered loss.

This Court has conducted a *de novo* review of the record in this case and the portions of the Report to which Plaintiff has objected in accordance with 28 U.S.C. § 636(b)(1)(C) and has reviewed the remainder of the Report for clear error. *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)). The Court finds that Defendant's Objections are without merit and therefore overruled. *See Taylor v. Cardiovascular Specialists, P.C.*, 4 F. Supp.3d 1374, 1377 (N.D. Ga. 2014) (citing *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983)).

Regarding the first objection, the facts and the law set forth in the R & R belie the Defendant's Objections. As Judge Otazo-Reyes noted, on August 2, 2018, after an inspection of the Property, Defendant afforded partial coverage for the Claim, determined that the covered damages did not exceed the Policy's $77,000 deductible, and denied the remainder of the Claim as caused by non-covered causes of loss. ECF No. [20] at 2. Questions regarding the amount of loss and how much of the damage was caused by a covered peril are for an appraiser to determine, not this Court. *767 Bldg. LLC v. Allstate Ins. Co*, 2010 WL 1796564 (S.D. Fla. 2010). As to the second Objection, the Court finds the claim that no meaningful exchange of information has taken place between the parties is unsupported. Judge Otazo-Reyes correctly determined and noted in the R & R that the parties had, in fact, engaged in an extended exchange of information.

In sum, upon a comprehensive review, the Court finds Judge Otazo-Reyes's Report to be well reasoned and correct. The Court therefore agrees with the analysis in the Report and concludes that Plaintiff's Motion must be granted.

Case No. 21-cv-22142-BLOOM/Otazo-Reyes

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation, **ECF No. [20]**, is **ADOPTED**.

2. Plaintiff's Renewed Motion to Compel Appraisal, **ECF No. [4]**, is **GRANTED**.

3. The parties are directed to proceed to appraisal in accordance with the Policy's mandatory appraisal provision and to file a status report **every sixty days** regarding the progress of the appraisal.

4. This action is **STAYED** pending completion of the appraisal process.

5. The Court reserves jurisdiction to confirm the appraisal award and to determine the issues of attorney's fees and pre- and post-judgment interest.

6. The Clerk of Court is directed to **ADMINISTRATIVELY CLOSE** this case for statistical purposes.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 16, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record